## Hubbard v. Lucas, *Appellant.*

The evidence in this case sustains the charge of fraud made by plaintiff against defendant. The decree relieving against the fraud is, therefore, affirmed.

*Appeal from Carroll Circuit Court.*—Hon. E. J. Broaddus, Judge.

Affirmed.

This was a suit to compel the defendant to account for profits on the purchase and sale of an undivided three-fifths interest in a tract of land. This interest belonged to the plaintiffs, who were minors at the time of the sale; and it was sold under an order of court made in a suit for the partition of the land. Defendant was the purchaser at the sale. The petition charged that this suit was fraudulently instituted and the order was fraudulently procured by defendant with a view of getting the land at a sacrifice. Other facts appear in the opinion of the court.

*Hale & Eads* for appellant.

*Sebree & Mirick* for respondent.

NAPTON, J.—The decree in this case was obviously based on the ground that the defendant had acquired title to a tract of land, sold at a partition sale, in which the plaintiff had an interest of three-fifths, by fraud.    The circuit court, being satisfied from the evidence that the defendant acted fraudulently, held him responsible as a trustee for the infant owners of this title.    As the defendant had transferred his title the year after he bought to an innocent purchaser, and the property itself could not be made subservient to the purpose of recompense, the proceeds of the sale were considered in equity as a substitute for the land and held subject to the same trust.    The only points to be considered here are as to the sufficiency of the evidence to establish this fraud, and as to the amount decreed.

It seems from the evidence that the partition sale was regularly conducted, and it is not pretended that the defendant at the sale was guilty of anything wrong.    The fact was apparent that he bought the land for a mere trifle, compared to its actual value.    He was at that time the owner of two-fifths of the title by purchase from the adult heirs.    We do not think that this fact disqualified him from becoming a purchaser upon the ground that a cotenant cannot buy in an outstanding title, to the prejudice of his cotenants.    This was not a purchase of an outstanding title.    Nor was there any proof that defendant had anything to do with the institution of the suit for partition. Nor was there any evidence to show that the advertisement in a newspaper called " The Record " was procured by him with a view to keep off bidders.    Nor was it established that the land was sold at an improper time or place.    There was proof, however, to show that when he bought of the two adult heirs, he stated to them that if they would sell to him, he would protect the interest of the minors, who owned three-fifths of this estate.    There was also evidence that he made to others the same representations.    There was evidence that he proposed to a witness to join with

him in buying the land, on the ground that the minors would have nobody to attend to their interests, and as their interests would be sacrificed at all events, they had as well be the gainers. There was also evidence that he stated that his brother would see to the interest of the minors. The fact was that at the sale he was the only bidder, and that he bid $200 for the land, worth from $1,000 to $2,000. This fact is undisputed.

Upon this evidence the circuit court was of the opinion that the defendant obtained this title by fraud. There is no other ground upon which the decree could have been based, and we are asked to review this opinion, upon the evidence submitted. The promises made to the adult owners, from whom defendant bought, were, no doubt, valueless as promises, but they contributed to the proof of fraud, which was in fact the only question in the case. We are not prepared to say that the circuit judge erred in his conclusions. We think he was better qualified to decide on this question than we are.

In regard to the damages decreed, it is dependent upon the estimation of the value of the land in 1868. The circuit court evidently estimated the land at $15 per acre. There was evidence to show that it was worth from $10 to $20. The court adopted the medium price, and the decree for $1,150 is clearly justified by the evidence upon this theory. This would make the interest of the plaintiff in 1868, $780, and the interest for eight years, at six per cent on that sum would be about $1,100, which was the amount decreed. Judgment affirmed.